UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BRIAN KEEBLER,

           Plaintiff,

- against -

JAMES RATH a/k/a redmanstudios.com,

           Defendant.

04 Civ. 2758 (CS)(LMS)

**REPORT AND RECOMMENDATION**

**TO: THE HONORABLE CATHY SEIBEL, U.S.D.J.**

Brian Keebler ("Plaintiff"), proceeding pro se, brings this action against James Rath, also known as redmanstudios.com ("Defendant"), asserting federal claims for violation of 18 U.S.C. §1030, known as the Computer Fraud and Abuse Act, as well as state law claims of fraud, breach of contract, misrepresentation, unfair competition, conversion, and trespass to chattels. See Docket # 10 (Amended Complaint). In the course of discovery, on or about August 20, 2007, Plaintiff served a subpoena on the Sullivan County District Attorney ("D.A.'s Office"), seeking the production of a mirror image of hard drives from his computers, which had been seized and were in the possession of the D.A.'s Office.[1] On September 25, 2007, the undersigned issued an Order directing the D.A.'s Office to appear in Court on November 1, 2007, to show cause why the subpoena should not be enforced and requiring the D.A.'s Office to "provide information . . . about the time and cost necessary to create a mirror image of the computer hard drives sought by the subpoena, omitting any contraband information from such mirror image, as well as any other

---

[1] In 2002, Plaintiff was arrested and prosecuted, and was then sentenced, after entering a guilty plea, on charges of illegal distribution and possession of child pornography, which pornography was found on his computer hard drives. See Docket # 34 [Aff. of Thomas J. Cawley] Ex. B [Supporting Aff. of James R. Farrell]. He remains incarcerated on those charges.

objections which may be interposed[.]" Docket # 33. In response, the D.A.'s Office submitted an affidavit to the Court, seeking to have the subpoena quashed on the grounds that it was costly, unduly burdensome, and posed the risk that child pornography might be reproduced and transmitted in violation of state and federal law. See Docket # 34.

At the court conference held on November 1, 2007, the undersigned granted the motion to quash. See Docket Minute Entry for 11/01/2007. In a Memorandum and Order dated December 11, 2007, the Honorable Charles L. Brieant adopted my Report and Recommendation on the motion to quash, concluding,

> The Magistrate Judge shall hear, consider and report whether this Court should dismiss the action, because Plaintiff will be unable to prove the substance of any claim, in light of the unavailability of information contained on the contraband disk for use at trial of this case.

Docket # 35. Thereafter, I issued an Order on June 11, 2008, directing Defendant to submit a motion for summary judgment. See Docket # 36. The Order states, "The motion shall identify, insofar as possible, the remaining claims in this case; it shall identify, insofar as possible, which claims may be subject to dismissal due to the unavailability of plaintiff's computer records." Id.

Pursuant to the Order, Defendant filed a motion for summary judgment on Plaintiff's claims pursuant to Rule 56 of the Federal Rules of Civil Procedure. See Docket # 37. For the following reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion for summary judgment should be denied.

## DISCUSSION

### I. Standard for Summary Judgment

Under Rule 56, summary judgment should be "rendered if the pleadings, the discovery

and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); see also Celotex Corp. v. Catrett, 477 U.S. 317, 320-23 (1986).

> Upon any motion for summary judgment pursuant to Rule 56 of the Federal Rules of Civil Procedure, there shall be annexed to the notice of motion a separate, short and concise statement, in numbered paragraphs, of the material facts as to which the moving party contends there is no genuine issue to be tried. Failure to submit such a statement may constitute grounds for denial of the motion.

Local Civ. R. 56.1(a). A dispute about a material fact is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). A trial judge may, therefore, grant summary judgment only if there is no genuine issue as to any material fact and if the moving party is entitled to judgment as a matter of law. See Anderson, 477 U.S. at 250. The inquiry performed is the threshold inquiry of determining whether there are any genuine factual issues that properly can be resolved only by a finder of fact. Id.

Where a properly supported motion for summary judgment is made, the adverse party "must set forth specific facts showing that there is a genuine issue for trial." Fed. R. Civ. P. 56. Under Local Rule 56.1(b), the papers opposing a motion for summary judgment shall include a correspondingly numbered paragraph responding to each numbered paragraph in the statement of the moving party, and if necessary, additional paragraphs containing a separate, short, and concise statement of additional material facts as to which it is contended that there exists a genuine issue to be tried. Local Civ. R. 56.1(b). Summary judgment may be granted only "[i]f after discovery, the nonmoving party 'has failed to make a sufficient showing on an essential element of [its] case with respect to which [it] has the burden of proof.'" Berger v. United States,

...

87 F.3d 60, 65 (2d Cir. 1996) (quoting Celotex, 477 U.S. at 323) (alteration in original). Indeed, if the party opposing summary judgment does not respond to the motion, "summary judgment, if appropriate, shall be entered against the adverse party." Fed. R. Civ. P. 56(e). However, even where the nonmoving party fails to respond to a motion for summary judgment, the court

> may not grant the motion without first examining the moving party's submission to determine if it has met its burden of demonstrating that no material issue of fact remains for trial. If the evidence submitted in support of the summary judgment motion does not meet the movant's burden of production, then summary judgment must be denied *even if no opposing evidentiary matter is presented.*

D.H. Blair & Co. v. Gottdiener, 462 F.3d 95, 110 (2d Cir. 2006) (quoting Vt. Teddy Bear Co. v. 1-800 Beargram Co., 373 F.3d 241, 244 (2d Cir. 2004)) (emphasis in original).

Moreover, a court should "constru[e] the evidence in the light most favorable to the nonmoving party and draw[] all reasonable inferences in its favor." Mount Vernon Fire Ins. Co. v. Belize NY, Inc., 277 F.3d 232, 236 (2d Cir. 2002); Farias v. Instructional Sys., Inc., 259 F.3d 91, 97 (2d Cir. 2001); Quinn v. Green Tree Credit Corp., 159 F.3d 759, 764 (2d Cir. 1998); see also Anderson, 477 U.S. at 261 n.2. Thus, "[o]nly when no reasonable trier of fact could find in favor of the nonmoving party should summary judgment be granted." Cruden v. Bank of New York, 957 F.2d 961, 975 (2d Cir. 1992) (quoting H.L. Hayden Co. v. Siemans Med. Sys. Inc., 879 F.2d 1005, 1011 (2d Cir. 1989)).

## II. Defendant's Motion for Summary Judgment

Despite the clear directive in the June 11, 2008, Order that Defendant "identify . . . the remaining claims in the case" and "identify . . . which claims may be subject to dismissal due to the unavailability of plaintiff's computer records," Docket # 36, Defendant's motion consists solely of a three-page affirmation from his attorney which nowhere identifies such claims or how

the lack of these computer records impacts upon them. See Docket # 37. The 16-paragraph affirmation consists of general statements, e.g.,

> 5. Without retelling the entirety of the history of this matter, a history which I am confident the Court is well aware, the plaintiff has been given every opportunity to present his case in a light most favorable to his assertions.
>
> . . .
>
> 13. In light of the core argument of plaintiff's case, "that the disks that are in the custody of the DA have the information which will bear out his arguments," and the fact that he will never gain access to those disks nor will he ever be allowed to make a "ghost copy," under the best presentation possible there is no way the plaintiff will be able to sustain his burden or [sic] going forward with competent evidence at a trial in this matter.
>
> 14. Accordingly, under any circumstances or theory of this matter; or under any alternate theory of [sic] argument; this action must be dismissed as a matter of law.

Id. ¶¶ 5, 13-14. Defendant has additionally failed to submit to the Court a statement of material facts as to which there is no genuine issue to be tried, as required by Local Rule 56.1.

Not surprisingly, Plaintiff contends that there is sufficient other evidence in the record upon which to proceed to trial. See Docket # 40. Defendant did not file a reply to Plaintiff's opposition to the motion. Whatever the merits of Plaintiff's arguments in opposition, where, as here, Defendant has failed to meet his burden of showing that no material issue of fact remains for trial, summary judgment must be denied. See Vt. Teddy Bear Co., 373 F.3d at 244 ("It is the movant's burden to show that no genuine factual dispute exists.") (citing Adickes v. S.H. Kress & Co., 398 U.S. 144, 157 (1970)).

## CONCLUSION

For the above-stated reasons, I conclude, and respectfully recommend that Your Honor should conclude, that Defendant's motion for summary judgment should be denied.

## NOTICE

Pursuant to 28 U.S.C. §636(b)(1), as amended, and Fed. R. Civ. P. 72(b), the parties shall have ten (10) days, plus an additional three (3) days, pursuant to Fed. R. Civ. P. 6(d), or a total of thirteen (13) working days, see Fed. R. Civ. P. 6(a), from the date hereof, to file written objections to this Report and Recommendation. Such objections, if any, shall be filed with the Clerk of the Court with extra copies delivered to the chambers of The Honorable Cathy Seibel at the United States Courthouse, 300 Quarropas Street, White Plains, New York, 10601, and to the chambers of the undersigned at the same address.

Failure to file timely objections to this Report and Recommendation will preclude later appellate review of any order of judgment that will be entered.

Requests for extensions of time to file objections must be made to Judge Seibel and should not be made to the undersigned.


Dated: February ___, 2009
       White Plains, New York

                                    Respectfully submitted,

                                    _____
                                    Lisa Margaret Smith
                                    United States Magistrate Judge
                                    Southern District of New York

Copies of the foregoing Report & Recommendation have been sent to the following:

The Honorable Cathy Seibel

Brian Keebler
DIN # 02-A-2076
Mid State Correctional Facility
P.O. Box 2500
Marcy, New York 13403

Kenneth L. Bunting, Esq.
125 Dobbs Ferry Road
White Plains, New York 10607