UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------------x
BRIAN KEEBLER,

                                     Plaintiff,                              04-CV-2758 (CS)

      - against -

                                                                    **AMENDED**
JAMES RATH a/k/a redmanstudios.com,           **ORDER ADOPTING REPORT AND**
                                                                      **RECOMMENDATION**

                                     Defendant.
------------------------------------------------------------------x

Appearances:

Brian Keebler
Marcy, New York
Pro Se *Plaintiff*

Kenneth L. Bunting, Esq.
Bunting-Smith & Bunting
White Plains, New York
*Counsel for Defendant*

Seibel, J.

      Before the Court is Magistrate Judge Lisa Margaret Smith's Report and Recommendation ("Report") (Doc. 42) concluding that Defendants' Motion for Summary Judgment (Doc. 37) should be denied.

**I. Background**

      On April 12, 2004, *pro se* Plaintiff Brian Keebler filed this lawsuit against Defendant James Rath a/k/a redmanstudios.com, asserting federal causes of action pursuant to the Computer Fraud and Abuse Act, 18 U.S.C. § 1030, and common law causes of action pursuant to New York State law.[1]

---

[1] Plaintiff asserts state law causes of action for fraud, breach of contract, misrepresentation, unfair competition, conversion, and trespass to chattels.

Plaintiff alleges in his Amended Complaint that after he was incarcerated based on charges unrelated to this case,[2] Defendant intentionally and wrongfully accessed and exercised ownership of various internet domain names and websites owned by Plaintiff, causing Plaintiff to lose ownership of and revenues from those domain names and websites. (Amend. Compl. ¶¶ 81-93.)

On August 20, 2007, Plaintiff served a subpoena on the District Attorney of Sullivan County, New York to obtain a mirror image of his hard drive to assist him in proving the substance of his claims. Magistrate Judge Smith quashed the subpoena on November 1, 2007, and the Honorable Charles L. Brieant[3] affirmed that ruling by Memorandum and Order dated December 11, 2007, on the basis that requiring the Sullivan County District Attorney's Office to copy Plaintiff's hard drive omitting any contraband material would be unduly burdensome. (Doc. 35.) Pursuant to that Order, on June 11, 2008, Magistrate Judge Smith directed Defendant to submit a motion for summary judgment identifying the claims subject to dismissal due to the unavailability of Plaintiff's computer files. (Doc. 36.) Accordingly, Defendant filed a Motion for Summary Judgment on July 11, 2008. (Doc. 37.) Plaintiff filed an Affirmation in Opposition on October 29, 2008. (Doc. 40.) Defendant did not file a reply.

The case had been referred to Magistrate Judge Smith for general pre-trial purposes on November 21, 2006, and was referred to her for all purposes on November 20, 2008, pursuant to 28 U.S.C. § 636(b). (Doc. 41.) Magistrate Judge Smith reviewed the matter and, on February 24, 2009,

---

[2] Plaintiff was arrested, prosecuted and sentenced in 2002, after pleading guilty to charges of illegal distribution and possession of child pornography. Such materials were found on his computer hard drive, which was confiscated. Plaintiff remains incarcerated on those charges. (Doc. 34 Ex. B (Aff. of Sullivan County District Attorney).)

[3] Judge Brieant passed away on July 20, 2008. The case was reassigned to me on August 5, 2008. (Doc. 38.)

issued a Report recommending that Defendant's Motion for Summary Judgment be denied. (Doc. 42.) Defendant was advised of his right to file objections to the Report, but did not do so. The Court adopts the remainder of the facts of this case as set forth in detail in the Report.

## II. Discussion

A district court reviewing a magistrate judge's report and recommendation "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). Parties may raise objections to the magistrate judge's report and recommendation, but they must be "specific[,] written," and submitted "[w]ithin 10 days after being served with a copy of the recommended disposition." Fed. R. Civ. P. 72(b)(2); *accord* 28 U.S.C. § 636(b)(1)(C).

Insofar as a report and recommendation deals with a dispositive motion, a district court must conduct a *de novo* review of those portions of the report or specified proposed findings or recommendations to which timely objections are made. 28 U.S.C. § 636(b)(1)(C); *see* Fed. R. Civ. P. 72(b)(3) ("The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions."). The district court may adopt those portions of a report and recommendation to which no timely objections have been made, provided no clear error is apparent from the face of the record. *Lewis v. Zon*, 573 F. Supp. 2d 804, 811 (S.D.N.Y. 2008); *Nelson v. Smith*, 618 F. Supp. 1186, 1189 (S.D.N.Y. 1985); Fed. R. Civ. P. 72 advisory committee's note (b).

Defendant has not filed objections to Magistrate Judge Smith's Report. Accordingly, the Court has reviewed the Report for clear error, and finding none, adopts it in its entirety. In particular, the Court finds that Magistrate Judge Smith correctly concluded that Defendant failed to meet his burden of demonstrating that there are no material issues of fact for trial. (Report. 5 (citing *Vt. Teddy Bear*

*Co. v. 1-800 BEARGRAM Co.*, 373 F.3d 241, 244 (2d Cir. 2004).) Rather than identifying the remaining claims in the case and which of those claims are subject to dismissal due to the unavailability of Plaintiff's computer files, Defendant's counsel submitted a short affirmation, which states in conclusory fashion that "there is no way the plaintiff will be able to sustain his burden . . . without competent evidence at trial in this matter." (Bunting Aff. ¶ 13.) Thus, the Court adopts Magistrate Judge Smith's recommendation that Defendant's Motion for Summary Judgment be denied.

### III. Conclusion

It is hereby ORDERED that Magistrate Judge Smith's Report dated February 24, 2009, is adopted as the decision of the Court. Defendant's Motion for Summary Judgment is DENIED. The Clerk of Court is respectfully directed to terminate the pending motion. (Doc. 37.) A status conference will be held before this Court on April 9, 2009 at 9:30 a.m.

**SO ORDERED.**

Dated: March 26, 2009
      White Plains, New York

*/s/ Cathy Seibel*
CATHY SEIBEL, U.S.D.J.